UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAYWARD BEESON** | **CIVIL ACTION** |
| **VERSUS** | |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | **NO. 06-203-A-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 19, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HAYWARD BEESON** | **CIVIL ACTION** |
| **VERSUS** | |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | **NO. 06-203-A-M2** |

## MAGISTRATE JUDGE'S REPORT

Plaintiff Hayward Beeson seeks judicial review of a final decision of the Commissioner of Social Security, which denied his claims for disability insurance benefits and supplemental security income benefits. In making that final decision, the Administrative Law Judge reached the fourth step of the five-step sequential disability analysis set forth in 20 C.F.R. § 416.920(b)-(f).[1]

## FACTS AND PROCEDURAL HISTORY

Plaintiff filed an application for Title XVI Supplemental Security Income (SSI) Benefits on June 7, 2004, and an application for Title II Disability Insurance Benefits on July 6, 2004. Plaintiff alleged disability since February 18, 2004, due to depression and a bipolar disorder (Tr. 54-56, 68, 252-254). Both claims were denied initially, and plaintiff timely requested a hearing before an Administrative Law Judge (ALJ) (Tr. 23-28). On June 7, 2005, an administrative hearing was held where plaintiff and a vocational expert testified. Plaintiff was represented by counsel (Tr. 263). On July 29, 2005, the ALJ held that Plaintiff's impairments were severe; however, they did not meet or equal any listing in Appendix 1, Subpart P, Regulations No. 4 (Tr. 21, Findings 3 and 4). The ALJ further

---

[1] Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988).

2

determined that Plaintiff had the following residual functional capacity (RFC): no exertional impairments; limited to following 1 and 2 step instructions; and limited interaction with others (Tr. 21, finding 6). The ALJ found that, even considering his restricted RFC, Plaintiff could perform his past relevant work as a warehouse worker. Plaintiff's applications for disability and SSI were, therefore, denied at step four of the sequential evaluation process (Tr. 21, Findings 7, 8 and 9). Subsequently, the Appeals Council concluded that there was no basis for review of the ALJ's decision, and the decision became the final decision of the Commissioner (Tr. 5-89). This appeal was timely taken.

## **ANALYSIS**

In reviewing the ALJ's decision denying disability insurance benefits and supplemental security income benefits, the Court is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the ALJ applied the proper legal standard.[2] In applying the "substantial evidence" standard, the Court must carefully scrutinize the record to determine if, in fact, substantial evidence supporting the decision exists, but the Court may not reweigh the evidence in the record, nor try the issues de novo, nor substitute its judgment for the ALJ's even if the evidence preponderates against the ALJ's decision.[3] Substantial evidence means more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion.[4] A finding of "no substantial evidence" will be made only where there is a conspicuous absence of credible choices or an absence of

---

[2] Perez v. Barnhart, 415 F.3d 457 (5th Cir. 2005); Boyd v. Apfel, 239 F.3d 698 (5th Cir. 2001).

[3] Id.

[4] Id.

medical evidence contrary to the claimant's position.[5]  If substantial evidence supports the administrative finding, we may then only review whether the ALJ applied the proper legal standards and conducted the proceedings in conformity with the applicable statutes and regulations.[6]

The burden of proof in disability and SSI cases rests upon the claimant.[7]  The claimant bears the burden of proof with respect to the first four steps of the five-step sequential analysis.  At step three, in order to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his/her impairment meets or equals an impairment in the appendix to the regulations.[8]  Then, if at step four the claimant can prove that he no longer is able to work in his past relevant work, then and only then does the burden shift to the Commissioner to establish that the claimant nonetheless has the ability to engage in other substantial gainful activity.[9]  Thus, in cases such as this one where the ALJ determines that the claimant is capable of performing his past relevant work and reaches the fourth step of the five-step sequential disability analysis, the burden of proof remains with the claimant to show an inability to return to his past relevant work.

---

[5] Id.

[6] Cook v. Heckler, 750 F.2d 391, 393, citing Hernandez v. Heckler, 704 F.2d 857, 859 (5th Cir. 1983); Bormey v. Schweiker, 695 F.2d 164, 168 (5th Cir. 1983), *cert. denied* ---- U.S. ----, 103 S. Ct. 3091, 77 L.Ed.2d 1351 (1983)("...we must also determine whether... [commissioner] applied the proper legal standard... and whether the proceedings below were conducted in conformity with the applicable statutes and regulations.")

[7] Brown v. Apfel, 192 F.3d 492, 497-498 (5th Cir. 1999); Jones v. Heckler, 702 F.2d 616, 620 (5th Cir. 1983).

[8] Waters v. Barnhart, 276 F.3d 716, 718 (5th Cir. 2002).

[9] Rivers v. Schweiker, 684 F.2d 1144, 1155-1156 & n.14 (5th Cir. 1982).

In his Memorandum in Support of this appeal, Plaintiff argues that the ALJ committed reversible error in: a) failing to find that his impairments meet or equal the criteria of Section 12.04 A.3 and B 1, 2 and 3 of Appendix 1, Subpart P, of Regulation No. 4; b) failing to comply with Social Security Ruling 82-59 in finding he was noncompliant with prescribed treatment; and c) failing to comply with the provisions of 20 C.F.R. §§ 404.1527 and 416.927 by failing to accord adequate weight to the opinion of his treating sources.[10]

**A.     Plaintiff's impairments do not meet or equal a listed impairment.**

The burden of proof lies with the plaintiff to prove that his impairments meet or equal a listed impairment.[11] A claimant's impairment is not considered to be one in the Listing of Impairments merely because it has the diagnosis of a listed impairment; it must also have the findings shown in the listed impairment.[12] Plaintiff argues that the medical evidence shows that his impairments meet or medically equal Listing 12.04 A.3 and B. 1, 2 and 3 regarding affective disorders.[13]

According to Listing 12.00 mental disorders, in order to be found disabled a plaintiff must satisfy a two-prong test.[14] First, Section "A" of the Listing 12.00 Mental Disorders addresses the set of clinical findings required for a claimant exhibits to have any of ten

---

[10] Plaintiff's Memorandum in Support of Social Security Appeal (Dkt. # 11) (Plf's Brief), p.4-8.

[11] Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).

[12] 20 C.F.R. §§ 404.1525(d), Brown v. Barnhart, 372 F. Supp. 2d 957 (S.D. Tex. 2005)(An impairment that manifests only some of the specified criteria, no matter how severe, does not qualify. Citing Zebley, 493 U.S. at 529-30, 110 S. Ct. 885).

[13] Plf's Brief, p. 4-6.

[14] "We will find that you have a listed impairment if the diagnostic description in the introductory paragraph and the criteria of both paragraphs A and B ... of the listed impairment are satisfied." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00A

categories of mental disorders.[15]  The "A" criterion requires that the presence of a mental disorder be medically substantiated, while the "B" and "C" criteria address "those functional limitations associated with mental disorders which are incompatible with the ability to work."[16]  The ALJ found that there is evidence in the record to satisfy the "A" criterion of 12.04 with a diagnosis of depression and bipolar disorder.[17]  However, the ALJ determined that plaintiff has not satisfied the second element, or the "B" criteria, because he has not demonstrated that his depression and bipolar disorder are so severe as to be incompatible with plaintiff's ability to work.  To meet the criterion "B" severity, plaintiff has to exhibit a condition which results in at least two of the following:

    1.    Marked restriction of activities of daily living; or

    2.    Marked difficulties in maintaining social functioning; or

    3.    Deficiencies of concentration, persistence, or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

    4.    Repeated episodes of deterioration or decompensation in work or work-like setting which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).[18]

The ALJ concluded that plaintiff's mental impairments resulted in mild restrictions of his activities of daily living, moderate difficulties in maintaining social functions, and moderate difficulties in maintaining concentration, persistence or pace for complex work.[19]

---

[15] Id.

[16] Id.

[17] See 20 C.F.R. pt. 404, subpt. P, app. 1, 12.04(A)(3) ("Bipolar Syndrome..."); Tr. P. 21, Finding 3.

[18] 20 C.F.R. pt. 404, subpt. P, app. 1, 12.04 B.

[19] Tr. 19.

The following evidence in the record supports that conclusion. Plaintiff testified that he did yard work and repair work, enjoyed riding a bicycle, and tried to keep the house up (Tr. 272). Further, plaintiff reported in a 2004 psychological evaluation that he cared for himself without assistance and still enjoyed reading (Tr. 149). He also reported that he had been working on his sister's house and was going to attempt to do some work at the church (Tr. 215-216). The Veterans Affairs medical records reveal that plaintiff got along with his roommate and talked with his daughter on the phone (Tr. 234). The ALJ found plaintiff to have moderate limitations in his ability to maintain concentration and pace, based on the medical records which indicate that when he is taking his medication he is doing fine and does not experience problems (Tr. 19, 116, 117, 150, 211, 213-218).

However, Plaintiff disputes these findings,[20] and argues that he has marked limitations in his daily activities, social functioning or concentration, persistence and pace. Plaintiff points to episodes of losing interest while he's attempting to work out and while doing yard work or cleaning.[21] He also refers to Dr. Arretteig's records which reflect that plaintiff, at one point, had a manic phase associated with his illness and could not focus on one task, or had poor frustration tolerance and could not handle stress.[22] Plaintiff fails to mention that these episodes were rectified once he was given his medication (Tr. 211), and although plaintiff presented other evidence, that evidence only goes to proving criteria "A," which the ALJ has already determined is satisfied in plaintiff's case. Therefore, the Court concludes that there is substantial evidence in the record to support the ALJ's finding

---

[20] Plf's Brief, p. 5-6.

[21] Plf's Brief, p. 6; Tr. 272, 273.

[22] Plf's Brief, p. 6; Tr. 224.

that Plaintiff does not experience marked limitations in his daily activities, social functioning or concentration and pace, as would be requird for plaintiff to satisfy criteria "B."

Therefore, the Court finds the ALJ applied the correct legal standard, and since plaintiff only meets one of the criteria of Listing 12.04, *i.e.* the "A" criteria, the ALJ's determination that plaintiff's impairments do not meet or equal a listed impairment is supported by substantial evidence, which has not been refuted by the plaintiff.

**B.    Plaintiff Non-Compliant with Prescribed Treatment**

Plaintiff argues that the ALJ misapplied Social Security Ruling (SSR) 82-59 in assuming that he refused to follow medical treatment but failing to determine whether or not his failure to follow prescribed treatment was justifiable.[23]  In its policy statement, SSR 82-59 provides that "[a]n individual **who would otherwise be found to be under a disability**, but who fails without justifiable cause to follow treatment prescribed by a treating source which the SSA determines can be expected to restore the individual's ability to work, cannot by virtue of such 'failure' be found to be under a disability." (*Emphasis Supplied*).[24]

The Court finds that plaintiff's argument concerning SSR 82-59 lacks merit because that opinion has no application to the present case.  SSR 82-59 applies to situations where an ALJ has determined that an individual is disabled, and the evidence establishes that the individual's disability or impairment prevents him/her from engaging in any substantial gainful activity.  Under those circumstances, if a treating source has prescribed treatment which is "clearly expected to restore [the disabled individual's] ability to engage in

---

[23] Plf's Brief, p. 6-7.

[24]  SSR 82-59, 1975-1982, Soc. Sec. Rep. Serv. 793, 1982 WL 31384 (S.S.A.), Titles II and XVI: Failure to Follow Prescribed Treatment.

substantial gainful activity," and the individual is failing to undergo such treatment, the ALJ must determine whether the individual's failure to comply with the prescribed treatment is justifiable. If such failure is determined to be without justifiable cause, the individual cannot, by virtue of that failure, be found disabled.

SSR 82-59 does not apply herein for several reasons. First, the plaintiff in the present case is not an individual who is "otherwise found to be disabled," as is required to even begin an analysis under that opinion. As discussed above, the ALJ determined at step three of the disability analysis that, although plaintiff suffers from a severe impairment, such impairment does not meet or equal a listed impairment in the appendix to the regulations, and the evidence did not suggest that plaintiff's depression and bipolar disorder were so severe as to be incompatible with his ability to perform his past relevant work. Thus, because the ALJ determined that plaintiff was capable of performing his past relevant work, and the plaintiff did not prove otherwise, the issue of whether the plaintiff has the ability to engage in other substantial gainful activity was never even reached. Accordingly, the analysis of whether a treating source prescribed treatment to restore plaintiff's capacity to engage in other substantial gainful activity and whether the plaintiff justifiably failed to comply with that treatment, *i.e.* the issues addressed in SSR 82-59, simply were not applicable in plaintiff's case and did not need to be addressed by the ALJ.

In sum, the ALJ's determination that plaintiff is not disabled was based upon evidence that plaintiff's impairments are not severe enough and that they do not prevent him from returning to his past relevant work. Although the ALJ commented that plaintiff's condition was stable when he took his medications, the ALJ never determined that compliance with medications was the reason plaintiff could return to work. For SSR 82-59

to apply, the ALJ would have to have determined that plaintiff's impairments were sufficiently severe to render him disabled, that prescribed treatment would have restored his ability to return to work, and that plaintiff failed to comply with the prescribed treatment (which failure could be found justifiable or unjustifiable). Because plaintiff was not disabled based upon his impairments and no determination was made that medications were the reason he could return to work, the ALJ acted appropriately in not engaging in the analysis set forth in SSR 82-59.

**C. Evaluation of the Opinion of Plaintiff's Treating Physicians.**

Plaintiff argues that the ALJ erred in failing to accord adequate weight to the opinions of his treating sources, Dr. Burl E. Forgey and Dr. Ann J. Arretteig, and points to Dr. Forgey's statement on June 7, 2004[25] and Dr. Arreteig's letter of June 1, 2005.[26]

The Fifth Circuit in Newton v. Apfel discusses in depth the standard used in weighing the opinions of treating physicians. It states in part:

> "... [T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." [Paul v. Shalala, 29 F.3d 208, 211 (t5th Cir. 1994]. The treating physician's opinions are not conclusive. Brown [v. Apfel, 192 F.3d 492, 500 (5th Cir. 1999)]. The opinions may be assigned little or no weight when good cause is shown Greenspan [v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).] Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medical acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. See e.g., Brown, 192 F.3d at 500; Greenspan, 38 F.3d at 237; Paul, 29 F.3d at 211.[27]

The ALJ reviewed the opinions of both of plaintiff's treating sources, but as argued by Defendant Commissioner, both Dr. Forgey and Dr. Arreteig gave opinions on issues related

---

[25] Tr. 141.

[26] Tr. 224.

[27] Newton v. Apfel, 209 F.3d 448, 455-456 (5th Cir. 2000).

to work and disability status. Determinations regarding disability status are reserved for the ALJ.[28]  The ALJ noted Dr. Forgey's comment that the plaintiff was gravely disabled but considered the fact that Dr. Forgey suggested that, with the right medication, the plaintiff's symptoms could be controlled.[29] Dr. Arretteig opined in June 2005 that plaintiff's problems interfered with his ability to function in a work setting.  Here again, the ALJ referenced the opinion, and curbed the plaintiff's RFC to match his limitations.[30]   Plaintiff then refers to Social Security Ruling 96-2p, and contends that such ruling clarifies that, even if the objective medical evidence findings are thin, the opinion of the treating physician must still be granted deference and weighed using all of the factors set forth in 20 C.F.R. Sections 404.1527 and 416.927.[31]

However, the ruling and the regulations cited by plaintiff also provide that controlling weight cannot be accorded to a treating physician's opinion unless the opinion is "well-supported" by clinical and laboratory diagnostic technique and *not inconsistent with other substantial evidence of record.*[32]   The ALJ reviewed, discussed and weighed various treating and examining physician reports and concluded that controlling weight could not be accorded to plaintiff's treating physicians' opinions, where other substantial medical evidence in the record indicated consistently that plaintiff's impairments did not reach the required level of severity for a finding of disability. (Tr. 17-20.) Considering such substantial

---

[28] Martinez v. Chater, 64 F. 3d 172, 176 (5th Cir. 1995) ("the ALJ has sole responsibility for determining a claimant's disability status.")

[29] Tr. 19, 141.

[30]  Tr. 20.

[31]  Plf's Brief, p. 7.

[32]  20 C.F.R. §§ 404.1527(d), 416.927 (emphasis supplied.)

medical evidence, in combination with plaintiff's own testimony, the Court finds the ALJ's determination as to the amount of weight to be accorded plaintiff's treating sources was appropriate. Accordingly, the Court concludes that plaintiff failed to carry its burden at steps three and four of the disability analysis; that there is substantial evidence supporting the ALJ's decision; and that the ALJ applied the proper legal standards in determining plaintiff is not disabled.

## RECOMMENDATION

For the above reasons, it is the recommendation of the Magistrate Judge that the ALJ's decision be affirmed; that the Plaintiff's appeal be dismissed, with prejudice; and that judgment be entered accordingly.

Signed in chambers in Baton Rouge, Louisiana, March 19, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**